JONATHAN A. TAND & ASSOCIATES, P.C.
990 Stewart Avenue, Suite 225
Garden City, New York 11530
(516) 393-9151

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MARC EINSOHN,

                                Plaintiff,              Index No.:

        -against -                           **VERIFIED COMPLAINT**

THE NEW YORK CITY DEPARTMENT OF EDUCATION,    *JURY TRIAL DEMANDED*
and HOWARD KWAIT, in his individual and
official capacity,

                           Defendants.
-------------------------------------------------------------------------------X

Plaintiff, **MARC EINSOHN**, by and through his attorneys, JONATHAN A. TAND & ASSOCIATES, P.C., respectfully alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, Marc A. Einsohn, is a twenty-nine (29) year veteran educator, with ninteen (19) years of service as an Assistant Principal – Supervision for the New York City Department of Education. Mr. Einsohn has served in this role for the past eight (8) years at John Bowne High School (hereinafter the "School") in Queens, New York.

2. On or about December 15, 2015, Mr. Einsohn attended a Cabinet Meeting, wherein the Principal of the School and Plaintiff's immediate supervisor, Howard Kwait, questioned the

1

low passing rate in certain of the School's classes. To rectify the low pass rate, Mr. Kwait then intimated that students' grades be improperly adjusted in contravention of New York State law. Knowing of the School's legal obligations, and on behalf of the integrity of the entire student body, Mr. Einsohn spoke out against the unlawful idea that Mr. Kwait intimated, which resulted in the Plaintiff being subjected to retaliatory harassment, punishment, and pressure to leave the School for not abiding by the latter's "vision."

3. Defendants attacked and retaliated against Plaintiff for his exercise of his First Amendment rights on behalf of the students of his school.

4. As more fully set forth below, this is a civil action seeking compensatory, emotional, psychological, punitive damages, injunctive relief, costs, attorneys' fees, and any other damages permitted by law to redress violations of Mr. Einsohn's rights to free speech pursuant to 42 U.S.C. §1983 and as guaranteed under the First Amendment to the United States Constitution and Article 1 Section 8 of the New York State Constitution; violations of Mr. Einsohns common law rights in that the New York City Department of Education engaged in negligent supervision and retention of Mr. Kwait; and all other appropriate rules, regulations, statutes and ordinances.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Plaintiff resides in Nassau County New York. Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

2

7. Plaintiff served a Notice of Claim upon Defendant New York City Department of Education on February 19, 2016. Accordingly, the present action is being commenced within one year and ninety days of the subject occurrence.

## PARTIES

8. Plaintiff, Marc Einsohn (hereinafter referred to as "Plaintiff"), is a resident and domiciliary of Nassau County. At all relevant times herein, Plaintiff was an "employee" of Defendant New York City Department of Education as defined by all relevant statutes.

9. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION (hereinafter referred to as the "DOE") is a municipal corporation incorporated under the laws of the State of New York, which is in charge of all public schools in the City of New York. Its headquarters are located at 52 Chambers Street, New York, NY 10007. At all relevant times herein, the DOE was Plaintiff's "employer" as that term is defined by all relevant statutes.

10. Defendant Howard Kwait (hereinafter referred to as "Kwait"), at all relevant times herein, was and still is the principal at John Browne High School in Queens. Accordingly, at all times relevant, Kwait was Plaintiff's "supervisor." endorsed and directly participated in the discriminatory conduct against the Plaintiff.

## FACTUAL ALLEGATIONS

11. Plaintiff is a twenty-nine (29) year veteran educator, with nineteen (19) years of service as an Assistant Principal – Supervision for the DOE.   Plaintiff has served in this role for the past eight (8) years at the School in Queens, New York.

12. Over the course of his tenure at the School, Plaintiff proved himself a hard-working, dedicated, and capable educator.

3

13. Despite Plaintiff's exemplary job performance, Defendants attacked and retaliated against Plaintiff for his exercise of First Amendment rights on behalf of the students of his school.

14. On December 15, 2015, Plaintiff attended a Cabinet Meeting, at which Kwait presided.

15. Kwait questioned the low passing percentages of a teacher, in her Native Language Arts Spanish Classes for Marking Period 2.

16. Plaintiff explained the reasons for the students' grades, and Kwait continued to pressure Plaintiff, saying there must be "something wrong", and intimating that the grades should be improperly adjusted, in contravention of New York State law.

17. Plaintiff spoke out against Defendant Kwait's suggestions, and in support of the School's legal obligation, on behalf of the integrity of the entire student body and as a concerned Citizen.

18. In response, Defendant Kwait began a campaign of retaliatory harassment against Plaintiff, to punish him and to pressure him to leave the School.

19. By way of example, on January 11, 2016, Kwait commented in a *non sequitur* that Plaintiff has "more excuses than anyone," and that Plaintiff "always has an excuse."

20. Two days later, on January 13, 2016, and for no justifiable reason, Kwait threatened to write in Plaintiff's mid-year evaluation that he was "failing to meet expectations," and further threatened to summon Plaintiff to a disciplinary conference.

21. Then, on January 14, 2016, Defendant Kwait informed Plaintiff that he was giving Plaintiff's Period Three (3) Year three (3) STEM Spanish class to Ms. Henriquez, and having Plaintiff take over the Period three (3) Year one (1) Native Language Arts Spanish class.

22. On January 27, 2016, Kwait again threatened Plaintiff, saying "it is to your advantage to obey all of my directives."

4

23. In that same conversation, Kwait told Plaintiff he no longer shared Defendant Kwait's "vision," and that Plaintiff should look for other opportunities, while at the same time, handing Plaintiff a listing of vacancies.

24. On February 4, 2016, Plaintiff was instructed by Kwait to obtain coverage for his class, and to leave the building for the day. Plaintiff was subsequently instructed by a District 25 Administrator to return to the School. At approximately 11:30 a.m., after returning to the School, Kwait hand-delivered to Plaintiff his mid-year evaluation.

25. As previously threatened, Kwait indicated that Plaintiff was "not meeting expectations" in the evaluation.

26. The evaluation also included Kwait's handwritten notes, which falsely assert "[y]ou advised me in person in December that U R (sic) not qualified to + don't feel comfortable teaching native Spanish spkrs (sic)." Plaintiff never made such a statement.

27. The handwritten notes also falsely indicate that Kwait had discussions with Plaintiff on January 15 and 19, 2016.

28. Most shockingly, the handwritten notes falsely assert that Plaintiff told Kwait that, "I'll just tell her to inflate the grades + then the problem is solved."

29. Because the evaluation indicates that Plaintiff is "not meeting expectations," Plaintiff has been disqualified from "per session" (overtime) work, reducing his income.

30. Further, Plaintiff suffers from emotional distress because of Kwait's campaign of retaliation and harassment.

5

## CLAIMS FOR RELIEF

## AS AND FOR THE FIRST CAUSE OF ACTION

### *Violation of the First Amendment*
### *Right to Free Speech Pursuant to 42. U.S.C. § 1983*

31. Plaintiff repeats and re-alleges each and every allegation contained herein.

32. By reason of the foregoing, Defendants have unlawfully discriminated and retaliated against Plaintiff as concerns his terms, conditions and privileges of employment, in that Defendants created a hostile work environment, subjected Plaintiff to an atmosphere of adverse acts, and treated him disparately because Plaintiff spoke on matters of public concerns about Kwait's intended inappropriate and illegal course of action regarding student grades.  These acts by Defendants are in violation of Plaintiff's rights to free speech as guaranteed under the First Amendment to the United States Constitution.

33. As a direct result of the Defendants' violation of Plaintiff's First Amendment rights to freedom of speech, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violation of Article 1 Section 8 of the New York State Constitution*

34. Plaintiff repeats and re-alleges each and every allegation contained herein.

35. By reason of the foregoing, Defendants have unlawfully discriminated and retaliated against Plaintiff as concerns his terms, conditions and privileges of employment, in that Defendants created a hostile work environment, subjected Plaintiff to an atmosphere of adverse acts, and treated him disparately because Plaintiff spoke on matters of public concerns about Kwait's

6

intended inappropriate and illegal course of action regarding student grades. These acts by Defendants are in violation of Plaintiff's rights to free speech as guaranteed under Article 1 Section 8 of the New York State Constitution.

36. As a direct result of the Defendants' violation of Plaintiff's rights to freedom of speech pursuant to Article 1 Section 8 of the New York State Constitution, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

## AS AND FOR A THIRD CAUSE OF ACTION

### *Negligent Retention and Supervision*

37. Plaintiff repeats and re-alleges each and every allegation contained herein.

38. By the foregoing reasons, through their negligent retention and supervision of Howard Kwait, whom Defendant DOE knew was predisposed to and had a predisposition for injurious conduct, Defendant DOE placed Plaintiff in a position of unreasonable, foreseeable, and imminent harm that resulted in Plaintiff being subjected to a hostile work environment, harassment, and retaliation.

39. As a direct result of the above violation of Plaintiff's common law rights, as alleged herein and above, Plaintiff has suffered damages, which are set forth more fully below.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for all compensatory, emotional, psychological and punitive damages, injunctive relief, and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that the Court grant the Plaintiff any other relief to which he is entitled, including but not limited to:

7

1. Awarding reasonable attorney's fees and the costs and disbursements of this action;

2. Granting such other and further relief that to the Court seems just and proper.

   **FURTHER,** Plaintiff demands a trial by jury.


Dated: March 31, 2017
       Garden City, New York                    Respectfully submitted,

                                                JONATHAN A. TAND & ASSOCIATES, P.C.
                                                *Attorneys for Plaintiff Marc A. Einsohn*


                                    By:

                                                Jonathan A. Tand (JT-1548)
                                                990 Stewart Avenue, Suite 225
                                                Garden City, New York 11530
                                                T: (516) 393-9151
                                                F: (516) 280-7528
                                                E: jtand@tandandassociates.com

8

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK       )
                                   ) ss.:

COUNTY OF NASSAU       )

       Marc Einsohn, being duly sworn, states that he has reviewed the foregoing Complaint and that the contents of said Complaint are true to his own knowledge, except in matters stated to be alleged upon information and belief, and, as to those matters, he believes them to be true.

_____
Marc Einsohn

Duly sworn before me
this **31** day of **March**, 2017

_____
NOTARY PUBLIC

**THOMAS M MORELLI**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 01MO6287502
**Qualified in Queens County**
My Commission Expires August 12, 2017

9